TOWN OF BELLEVILLE, PLAINTIFF-RESPONDENT, v.
PARRILLO'S, INC., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 27, 1979—Decided April 27, 1979.

(1)

Before Judges LYNCH, CRANE and HORN.

Mr. *Allen C. Marra,* attorney for appellant.

Mr. *Frank J. Zinna,* attorney for respondent.

The opinion of the court was delivered by

HORN, J. A. D.  Defendant Parrillo's, Inc. was convicted in the Municipal Court of Belleville on a complaint charging it with "extending a nonconforming 'use' without application to the B. O. A. [board of adjustment]." On appeal, after a trial *de novo,* the Superior Court, Law Division, affirmed. *R.* 3:23–1.  Defendant filed an appeal from said

conviction to this court. We stayed all enforcement proceedings in the trial court and accelerated disposition of the appeal on the waiver by the parties of oral argument.

The municipal court judge found that defendant had been operating a restaurant which dispensed alcoholic beverages under its retail-consumption alcoholic beverage license, with some dancing with music furnished by a band, as a nonconforming use in a Class B Residential District (permitting two-family dwellings); that defendant had converted said use into a "disco"; that the food served is now incidental to the operation as a discotheque, and that defendant charges for admission.

The municipal judge's findings are embodied in the following:

> Considering all the evidence, it's a difficult situation — I do find as a matter of fact that this is in fact a different use completely, that a disco and the operation under which the defendant is operating differs completely from the heretofore operation.
>
> They do — they might sell some food. That doesn't make it a restaurant. The main business heretofore was a restaurant and bar with some dancing by a band. The present use, namely, is a disco. * * * [T]he food is incidental. They charge now for admission, which they didn't charge heretofore. The defendant tries to imply the fact that because there was a cover charge that a cover charge is in fact an admission. That isn't so in my opinion.
>
> I therefore find as a question of fact that the defendant did operate this business as a disco, which in my opinion was not an extension of the heretofore use without obtaining a variance. I find as a question of fact that the present use is not permitted under the zoning laws of the town and that no application for a variance was made.

The judge of the Sueprior Court, Law Division, who heard the appeal from the municipal court made no findings of fact, but merely ordered that the appeal from the Belleville Municipal Court "be denied."[1]

---

[1]As stated in *State v. Johnson*, 42 *N. J.* 146, 157 (1964), the function of the trial court in its *de novo* review on appeal "is to determine the case completely anew on the record made in the Municipal

■ The scope of our review is limited to determining whether the judge's findings are supported by sufficient credible evidence. *State v. Johnson,* 42 *N. J.* 146, 162 (1964). Our review of the record leads us to conclude that the judge's findings are not sustained by the proofs.

The evidence adduced clearly and indisputably disclosed that defendant enjoyed a nonconforming use of the subject premises. Located in a residence zone, the premises had been operated as a restaurant prior to enactment of the zoning ordinance. As part of that business defendant provided live music for dancing on a dance floor. The municipality asserts that defendant operates a different or extended business than permitted as a nonconforming use, namely, a discotheque. The proofs in support of this contention are:

1. Psychedelic lights were installed.
2. The premises were advertised as a "disco."
3. An admission fee is charged on Wednesday, Friday and Saturday nights after 9 p.m. Prior to this change, on occasions a "cover" charge had been made.
4. Music, referred to as "canned music," is furnished by means of records rather than "live," as had been furnished at one period.
5. More bars were added by removing ten tables.
6. There are many more customers.
7. The age of patrons is now younger than before.

The attorney for the municipality argued that defendant's operation was not the same as the permitted nonconforming use because a "disco" "intensifies" the use and brings greater problems in coping with more and a different age-group of patrons.

■ A nonconforming use is " 'a property right, a part of the land title, that [may] only be extinguished by acts or omissions indicating an intention to abandon it.' " *Scavone v. Totowa,* 49 *N. J. Super.* 423, 428 (App. Div. 1958), quoting from the dissenting opinion in *State v. Casper,* 5 *N. J.*

Court * * *," subject to the provisions of *R.* 3:23–8 as amended, effective September 6, 1977.

*Super.* 150, 154 (App. Div. 1949). Not every change in the use of premises enjoying a nonconforming status is in violation of the applicable zoning ordinance. So long as the use is substantially of the same kind as that to which the premises were devoted at the time of the passage of the ordinance which converted the use into a nonconforming one, it is protected. *Heagen v. Allendale, 42 N. J. Super.* 472, 480 (App. Div. 1956); *Kramer v. Montclair, 33 N. J. Super.* 16, 18 (App. Div. 1954). As stated in *Grundlehner v. Dangler, 29 N. J.* 256 (1959):

\* \* \* [O]ur courts have continued with their application of the doctrine that nonconforming uses may not be enlarged as of right except where the enlargement is so negligible or insubstantial that it does not fairly warrant judicial or administrative notice or interference. [at 263]

█ In the case at bar the proofs demonstrate that there has been no substantial change in the use of the premises. Food, beverages and music are still provided. The fact that an admission fee is charged on some occasions rather than a cover charge as was at one time required is not a significant departure. We feel that providing recorded music likewise is of no significance. The change in the locations or even the number of bars has not been shown to have changed the character of the premises either. There was no proof that any greater quantity of beverages was served than before, or any greater amount of music played than before, or that the hours of closing were any different than before.

Apart from the installation of psychedelic lights and the replacement of bars, no other interior changes were made except to add more exits, as required by the fire department. As stated by the municipal attorney:

THE COURT: Well, did they enlarge the facility here?

MR. ZINNA [the municipal attorney]: I don't, I don't contend that they did, Judge. They made some internal modernizations and let's, for the purpose of this argument, assume that that in and of itself did not intensify the use. \* \* \*

We do not feel that the furnishing of modern disco music provides any basis for holding that there is an enlargement of the use of the premises. Throughout the existence of the premises music trends have undoubtedly changed. With the changes different age groups have undoubtedly been attracted.

It definitely appears that the patronage of the premises has increased. Whether this was the result of advertising, as a disco or otherwise, is not shown. In any event, we hold that intensity of the use, in this case not shown to have resulted from any enlargement or different use of the premises itself, is not alone an enlargement or different use of the premises 'than permitted as a nonconforming enterprise. *Black v. Montclair,* 34 *N. J.* 105 (1961); *Protokowicz v. Lesofski,* 69 *N. J. Super.* 436, 443 (Ch. Div. 1961); *State v. Wagner,* 81 *N. J. Super.* 206, 210 (Cty. Ct. 1963); 82 *Am. Jur.* 2d, *Zoning and Planning,* § 197 at 713 (1976). Merely advertising as a "disco" is not the same as changing the use. We agree that appellation given by the owner would imply the nature of the business. However, unless the nature of the business is actually a departure from that which is permitted, it is not a violation.

Although the evidence did not disclose that the increased patronage caused disturbances to the neighbors either by noise, parking problems or otherwise, counsel for the municipality so implied in his summation to the municipal court judge. Our Supreme Court stated in *Kirsch Holding Co. v. Manasquan,* 59 *N. J.* 241 (1971), in dealing with ordinances barring group rentals:

* * * Ordinarily obnoxious personal behavior can best be dealt with officially by vigorous and persistent enforcement of general police power ordinances and criminal statutes of the kind earlier referred to. Zoning ordinances are not intended and cannot be expected to cure or prevent most anti-social conduct in dwelling situations. [at 253–254]

In sum, we find that within the meaning and intent of our applicable statute, *N. J. S. A.* 40:55D-68, defendant did not either extend or enlarge its use of the premises. The judgment entered in the trial court is reversed.